**NOTICE TO APPOINTED COUNSEL**
**\*\*PLEASE READ CAREFULLY\*\***

The federal judiciary's electronic vouchering (eVoucher) system was implemented in the Fifth Circuit Court of Appeals on December 7, 2015. **Paper vouchers for work in appeals are no longer accepted.**

## EVOUCHER

The eVoucher system has been designed to electronically replicate the paper vouchering process. It is a web−based application that allows attorneys to make contemporaneous time and expense entries as the work progresses. At the end of the representation, the individual entries are cumulated into a virtual voucher which the attorney submits to the court electronically. Scanned copies of supporting material, such as receipts for expense items, may be attached to the voucher file. The system prevents mathematical errors, substantially simplifies the process of voucher preparation, facilitates notification to counsel regarding voucher status, and streamlines the process of voucher approval and payment.

## BILLING AND VOUCHER SUBMISION

**Please refer to the Fifth Circuit's CJA Home Page** (http://www.lb5.uscourts.gov/cja2/) for detailed instructions about how to bill time and expenses and for information on applicable hourly rates and maximum compensation limits. The rules governing the billing of time and expenses compensable under the Criminal Justice Act have not changed with the implementation of eVoucher.

If a voucher requests an amount in excess of the applicable presumptive limit, a **CJA 27 form or memorandum** that provides an explanation will be required and should be submitted as an attachment to the electronic voucher.

**In non−capital cases,** vouchers should not be submitted until **the end of the case in the court of appeals, including any requests for rehearing.**

**In capital cases,** attorneys may submit vouchers requesting interim payment of fees and expenses after the completion of significant milestones in the case, for instance, completion of briefing or completion of oral argument. Interim vouchers must be designated as such.

A voucher requesting payment for any work on a petition for certiorari **must be accompanied by a copy of the petition.** If a final voucher has already been submitted for work on the appeal itself, the voucher for the petition for certiorari should be designated "supplemental."

## FAQ AND OTHER INFORMATION

A list of frequently asked questions, and a copy of the Fifth Circuit's *Plan Under the Criminal Justice Act for Representation on Appeal,* is available on the CJA Home Page (http://www.lb5.uscourts.gov/cja2/).

If you need assistance with CJA vouchers please email cja_request@ca5.uscourts.gov or call 504−310−7765.

Additional information on Criminal Justice Act Guidelines may be found at:
http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel/CJAGuidelinesForms/GuideToJudiciaryPolicyVolume7.aspx

**ALL PAYMENTS MADE PURSUANT TO THE CRIMINAL JUSTICE ACT ARE SUBJECT TO POST−AUDIT**
Unless time entries are made in eVoucher contemporaneously with the work performed, counsel must maintain other contemporaneous time and expense records for three years after approval of the final voucher. Any overpayments are subject to collection, including through deductions from future voucher payments.

CJA 19 (Rev. 4/01)

# NOTICE TO COURT–APPOINTED COUNSEL
# OF PUBLIC DISCLOSURE OF ATTORNEY FEE INFORMATION

The Criminal Justice Act (CJA), 18 U.S.C. § 3006A, was amended in 1998 to require that the amounts paid to court–appointed attorneys be made publicly available upon the court's approval of the payments. Although the amended paragraph of the statute, § 3006A(d)(4), expired after two years and thus only applies to cases commenced between January 25, 1998, and January 24, 2000, the corresponding guideline (paragraph 5.01 of the Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Volume VII, *Guide to Judiciary Policies and Procedures*) continues as a matter of Judicial Conference policy. The court may disclose an unredacted copy of a payment voucher submitted by defense counsel, or a redacted copy of a voucher indicating only the amounts approved for payment according to categories of services listed in the statute. The extent of disclosure depends on whether the case is pending and on whether the court determines that certain interests (listed below in part B.1) require the redaction of detailed information on the voucher. Upon court approval of a voucher claim, payment information will be made available as follows:

**A. BEFORE OR DURING THE TRIAL:** After redacting any detailed information provided to justify the expenses, the court shall make available to the public only the amounts approved for payment. Upon the completion of trial, unredacted copies of the vouchers may be released, depending on whether an appeal is being pursued and whether the court determines that one or more of the interests listed in part B.1 require the redaction of information.

**B. AFTER THE TRIAL IS COMPLETED:** The court shall make available to the public either redacted or unredacted vouchers as follows:

**1. If trial court proceedings have been completed and appellate review is not being pursued or has concluded at the time payment is approved:** The court shall make an unredacted copy of the payment voucher available to the public unless it determines that one or more of the interests listed below justify limiting disclosure to the amounts approved for payment in the manner described in part A. The interests that may require limiting disclosure include:

(1) the protection of any person's 5th Amendment right against self–incrimination;
(2) the protection of the defendant's 6th Amendment right to effective assistance of counsel;
(3) the defendant's attorney–client privilege;
(4) the work product privilege of the defendant's counsel;
(5) the safety of any person; and
(6) any other interest that justice may require (with the exception that for death penalty cases where the underlying alleged criminal conduct took place on or after April 19, 1995, the amount of the fees shall not be considered a reason justifying any limited disclosure).

**2. If appellate review is being pursued at the time payment is approved:** The court shall make available to the public only the amounts approved for payment in the manner described in part A unless it finds that none of the interests listed above in part B.1 will be compromised.

**C. AFTER THE APPEAL IS COMPLETED:** The court shall make an unredacted copy of the payment voucher available to the public unless it determines that one or more of the interests listed in B.1 justify limiting disclosure to the amounts approved for payment in the manner described in part A.

**If counsel believes that any of the interests listed above in part B.1 justify limiting disclosure to the amounts approved for payment, counsel should submit to the court a written request, identifying the interests at risk and the arguments in support of providing protection, AT OR BEFORE THE TIME A CLAIM FOR PAYMENT IS MADE. Failure to do so could result in the public availability of unredacted copies of your vouchers without further notice.**

**This constitutes notice under CJA Guideline 5.01. You may NOT receive additional notice before any payment information is made available to the public.**